# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

## FOURTH JUDICIAL DISTRICT.

SEPTEMBER TERM, 1837.

---

## BROWN v. CLEAVELAND.

1. Plaintiff in ejectment filed a bill of particulars by which he claimed 300 arpens of land from S. and wife. On the trial, he offered in evidence a deed for 400 arpens from S. and wife. Held, that the court below improperly excluded the deed, notwithstanding the number of acres it purported to convey did not accord with the bill of particulars.
2. Nor was it necessary to prove the handwriting of the wife—it appearing from the face of the deed that she only conveyed her right of dower.

ERROR to the circuit court of St. Genevieve county.

*Cole,* for plaintiff in error:

There are four errors assigned for reversal. I shall consider but two of them. It appears from the bill of exceptions preserved on the record, that on the trial the plaintiff offered in evidence to the jury a deed from William Shannon and wife for the land in controversy, having first proved the signature of the grantor, there being no subscribing witness to the deed. The defendant objected to the deed going in evidence under the proof, and the court excluded it. This is assigned for error. The second error assigned is, the instruction of the jury by the court to disregard the evidence given on part of the plaintiff, and find a verdict for the defendant. As to the first error, it was not necessary to prove the signa-

5

ture of Mrs. Shannon to the deed—was merely there in order to her relinquishment of dower. This fact is proved by the certificate attached to the deed. If she had had an interest in the land conveyed, to divest her of it, her examination must have been before a court of record, and authenticated under the seal of the court—Ex. Ses. acts, page 9. But what was done merely to bar the wife of a remote and contingent interest might or might not have barred her at a future day, upon the demise of her husband. I would concede at once, if the interest of the wife was not explained by the relinquishment of dower, that the proof offered was deficient; but under the state of facts, as presented by the deed, it is most clear that at the time the wife had no interest whatsoever. That the fee was in William Shannon, and the proof of his signature was the best proof the plaintiff could offer (there being no subscribing witness) in support of the deed. The official act of the officer annexed to the deed is prima facie evidence of what it contains, at least, and should have gone to the jury

The second error relied upon, is the instruction of the court to the jury to disregard the evidence given on part of the plaintiff, and to find a verdict for the defendant. This was an erroneous instruction on the part of the court—Perry admr. and Martin Ruggles v. Beard, 1 vol. Mo. R. 637; Fenton v. Perkins, 3 Mo. R. 26; Lebeaume v. Dodin, 1 Mo. R. 618.

*Scott*, for defendant:

The errors assigned in this case are four: 1. That the court erred in rejecting the deed named in the bill of exceptions. 2. That the court erred in instructing the jury that they must disregard the evidence. 3. In refusing a new trial on the reasons filed. 4. In giving judgment for the defendant. And first, the deed was properly rejected, for two reasons: 1. That it could not come in under the bill of particulars filed. 2. That it was not sufficiently proved. 1. The deed could not come in as evidence under the bill of particulars. The defendant had the right to call for a bill of particulars, the declaration being general—1 Tidd's Practice, 535; 7 Term Rep. 332; 4 Term Rep. 597; and when given, it forms a part of the declaration similar to a new assignment when *liberum tenementum* is plead, and the party is bound by it, and cannot go out of it in giving testimony—1 Tidd's Practice, 537; 7 Term Rep. 332; 1 Espenas' Rep. 452; 4 Espenas' Rep. 7; 6 Term Rep. 597; 3 Stark. Ev.

SEPT. TERM,
1837.

Brown
v.
Cleaveland.

1053–5, and forward; Peake's Evi. 200, 214, Holland v. Hopkins; here the declaration was for 400 arpens of land of B. Strother, but the bill of particulars is for 300 arpens of William Shannon and wife; and the deed offered is for 400 arpens of Wm. Shannon and wife. The deed offered, therefore, did not conform to the amended declaration, to wit, the bill of particulars, the declaration being for 400 arpens, generally, of Strother, the bill of particulars for 300 arpens of Shannon and wife, and the deed offered for 400 arpens of Shannon and wife; and the plaintiff might well have two deeds from Shannon and wife, the one for 400, the other for 300 arpens of land. Nor does the plat of survey better the matter by specification, for it only shows that Brown claimed even less than 300 arpens, as stated in the bill of particulars, and in a different manner. 2d point to first error: The deed was properly rejected, because it was not sufficiently proved. The plaintiff in his bill of particulars, states that he claims 300 arpens under William Shannon and wife, and offers three deeds, for 400 arpens, in evidence. The plaintiff only proves the signature of Shannon and *not* of his wife. The defendant contends that the deed is an *entire thing*, and that as the plaintiff claims under *both*, the signature of *both* of the grantors must be proved before the deed can be given in evidence. The common law and our statutes have made and considered husband and wife, as to conveyances, separate persons—1 Ins. 31, 32; 2 Black. Com. 132; see also, our statutes on conveyances, Laws of 1825, page 219, sec. 11; Laws of 1835, page 122, sec. 22, 23, 24. If, then, it was necessary for her to join in the conveyance, it is become, it was a substantial act, and as such, her act must be proved, and especially, as the plaintiff, in his bill of particulars, claims title under both, and derives his right from and under both. Suppose *her* signature only and not *his* had been proven, how would the case stand? The plaintiff here declares and goes for the whole land, *the absolute fee simple entire* to him and his heirs generally, and not for a part only, or subject to limitation or condition; and he goes on his title, (see bill of particulars,) and not possession, consequently he must prove his title, for the allegation and proof must correspond; and he must recover on the strength of his own title, and not on the weakness of that of his adversary—2 Starkie's Ev. 514; 2 Term Rep. 684. Proof of the execution of a deed must be made by the subscribing witness, if to be had—1 Starkie's Ev. 320, or if not to be had, by proving his handwriting

SEPT. TERM,
1837.

Brown
v.
Cleaveland.

—1 Starkie's Ev. 338, 340, and cases there cited; or if none, by proof of the handwriting of the obligor—1 Starkie's Ev. 349: and as to proof of handwriting generally, see 3 Starkie's Ev. 657.

*Second error:* That the court erred in instructing the jury that they must disregard the evidence. There is nothing more common than, where improper or incompetent testimony has got to the jury, than for the court to instruct them to disregard it. But unless the record show the error, it must be preserved and presented by a bill of exceptions—1 vol. Mo. Rep. 270, Davis v. Hays. Nor will the court consider any thing as error, that has not been decided by the court below—2 vol. Mo. Rep. 211, Alexander v. Hayden.

The office of the bill of exceptions being to save the facts that occur in the trial, it is necessary that such facts be set forth in the bill of exceptions, otherwise the court above can have no ground to reverse the judgment of the court below—3 vol. Mo. Rep. 487, Bartlett v. Draper. The court cannot know whether the facts stated are true or false, as they are not preserved in the bill of exceptions—Mo. Rep. of August term, 1836, page 438, Davidson v. Peck. Where the bill of exceptions is doubtful, the court will not intend any thing for the party whose business it was to make the matter plain—2 vol Mo. Rep. 195, Collins v. Bowmer.

The defendant is aware that it is error to give instructions where there is no evidence to warrant them—3 vol. Mo. Rep. 405, O'Fallen, admr. v. Bowman. But the defendant is also aware, that where a party seeks a reversal of the judgment on account of wrong instructions, he must show the evidence upon which the instructions were based—1 vol. Mo. Rep. 318, Bellissime v. M'Coy. Nor will the court reverse unless the errors complained of are prejudicial—1 vol Mo. Rep. 318, Bellissime v. M'Coy. Apply the cases above quoted to the one at bar, and the bill of exceptions shows nothing saved on which the court can act or reverse, for the exceptions do not state what testimony was given or refused, beyond the deed in question, or what instructions were given or refused, or what the instructions complained of were. Nor does it state the facts or testimony on which the instructions were given—Mo. Dec. of August term, 1836, page 438, Davidson v. Peck; 2 vol. Mo. Dec. page 195, Collins v. Bowmer.

The bill of exceptions is no evidence of the truth of the statement in regard to the instructions stated in the

motion and reasons for a new trial—3 vol. Mo. Rep. 487, Bartlett v. Draper.

It is a general principle that the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an *act in pais*, the party claiming under that deed is as much bound to prove the performance of the act, as he would be bound to prove any matter of record on which its validity depends. It forms an essential link in his title which he is bound to preserve and prove—4 Wheaton's Rep. 77–8–9.

In regard to the third and fourth errors assigned, the defendant's counsel do not believe it necessary to make any remarks or references to authorities. The granting or refusing a new trial being a matter of sound discretion in the court under all the circumstances, and if refused, the judgment must follow of course. But again; the deed in question appears to be the only evidence offered by the plaintiff; and it does not appear by the bill of exceptions that any other evidence was offered but this deed; nor does it appear that the deed was a necessary link in any chain of title produced or offered to be produced; and if this deed had been admitted on full proof, or on the proof given, still it would have availed the plaintiff nothing, being in itself no evidence of title or possession, unless connected with some anterior evidence of confirmation and other transfers; and the rejection therefore, was not, as the case stands presented, prejudicial to the plaintiff; and the rule of this court is, "that the court will not reverse unless the errors complained of are prejudicial." —See 1 vol. Mo. Rep. 318, Bellissime v. M'Coy.

TOMPKINS, Judge, delivered the opinion of the court.

Brown brought an action of ejectment against Cleaveland in the circuit court, and judgment being there given against him, he prosecutes this writ of error to reverse that judgment.

In his declaration, Brown claims four hundred arpens of land, originally granted by the Spanish Government, and confirmed by the United States to Benjamin Strother. The plaintiff filed a bill of particulars, by which it appears that he claimed three hundred arpens of land under William Shannon and Susan his wife. On the trial, he offered in evidence a deed from Shannon and wife, dated the 12th of March, 1823, acknowledged and recorded as the act of the General Assembly then required, for four hundred arpens. The handwriting of Shannon

SEPT. TERM, 1837.

Brown
v.
Cleaveland.

Plaintiff in ejectment filed a bill of particulars, by which he claimed 300 arpens of land from S. and wife. On the trial, he offered in evidence a deed for 400 arpens from S. and wife. Held, that the court below improperly excluded the deed, notwithstanding the number of acres it purported to convey did not accord with the bill of particulars.

Nor was it necessary to prove the handwriting of the wife—it appearing from the face of the deed that she only conveyed her right of dower.

was proved, but no proof of his wife's handwriting was offered. The circuit court decided that the deed should not be given in evidence. In the recital in the deed offered in evidence, title was deduced from Strother, the grantee of the Spanish Government, and confirmee of the United States Government. The rejection of this deed was assigned as error. The defendant in error contended: 1. That the deed did not accord with the bill of particulars, and therefore, was not admissible in evidence. 2. That the signature of Susan Shannon, the wife, should have been proved, to authorize the plaintiff to read it in evidence.

Admitting that a bill of particulars in this case was properly demanded, and that the plaintiff was concluded thereby, which is not so very clear, still no good reason is seen why this deed should not have been given in evidence. It might have been true that Shannon and wife had no right to convey more than three hundred arpens, or that the plaintiff had alienated one hundred arpens; but it certainly could have been no objection to the deed that it purported to convey more than he claimed in his bill of particulars. The identity of the land named in the deed, and that claimed in the bill of particulars, was the material thing, and might have been proved by other evidence. A deed may be made for a thousand acres, and yet, if the land described amounted to a less quantity, no body would doubt that the deed was good for the true quantity.

2. From the face of the deed, it appears that Susan Shannon, the wife of the grantor, joined in the deed for no other purpose than to relinquish her right of dower. If Shannon, the husband, was at the time of trial still living, she could have no right of dower, and Brown, the alienee, would have the right against Cleaveland to recover the whole quantity; but if, from evidence adduced, it had appeared that Shannon, the husband, was dead, Brown might yet recover so much of the land as the widow could not take in right of dower. It seems, for these reasons, that on proving the handwriting of Shannon, the husband, the deed ought to have been read to the jury; and that the judgment of the circuit court ought to be reversed, because the deed was not permitted to be read in evidence; and the other Judges concurring in this opinion, it is reversed.